## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

REBECCA MARIE CHAMPLEY        :
                              :        **PRISONER**
        v.                    :        **Case No. 3:11cv635 (VLB)**
                              :
MAUREEN BAIRD                 :

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS [Doc. #1]

The petitioner Rebecca Marie Champley, an inmate confined at the Federal

Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brings this

petition pursuant to 28 U.S.C. § 2241 challenging disciplinary action taken against

her.  The respondent argues that the petitioner failed to exhaust her

administrative remedies before filing suit and, even if she had exhausted her

administrative remedies, she was not denied due process.  For the reasons that

follow, the petition is denied.

### I. Background

In 2006, the petitioner was convicted in the United States District Court for

the Central District of Illinois of conspiracy to manufacture a controlled

substance.  She was sentenced to a term of imprisonment of 164 months, but her

sentence later was reduced to 132 months.  Considering all applicable good time

credits, the petitioner will be released on February 27, 2016.

In 2010, at the time of the incident giving rise to this action, the petitioner

was confined at the Federal Prison Camp in Alderson, West Virginia.  On August 25, 2010, a search of the petitioner's secured locker revealed three Prozac capsules.  An incident report was filed charging the petitioner with possession of drugs not prescribed to that inmate by medical staff in violation of Bureau of Prisons Prohibited Acts Code 113.  The incident report was delivered to the petitioner that afternoon and an investigation was initiated immediately.  The petitioner was advised of her rights.  She acknowledged that she understood her rights and had read the incident report.  She declined to make a statement or identify any witnesses.  The investigating officer concluded that the report appeared true and forwarded the matter to the Unit Disciplinary Committee.

The following morning, the plaintiff attended a hearing before the Unit Disciplinary Committee.  She conceded that the charge was true.  Because of the severity of the offense, the Unit Disciplinary Committee forwarded the matter to the Disciplinary Hearing Officer ("DHO") for further hearing with a recommendation that the petitioner be sanctioned with a disciplinary transfer and loss of good time credit.  The petitioner was advised of her rights regarding the DHO hearing.  She requested an advocate but declined to call witnesses.

The DHO hearing was held on September 2, 2010.  The plaintiff was present with her advocate.  She called no witnesses and presented no documentary evidence.  The petitioner admitted having the pills.  She stated that she got them from another inmate and was self-medicating for stress because it was hard to get medication prescribed at the facility.  The DHO concluded that there was

2

sufficient evidence to support the charge and sanctioned the petitioner with loss of good time credit of 41 days, loss of visiting privileges for six months, restricted visiting privileges for six months after the first visiting sanction concluded, loss of commissary privileges for six months, and loss of telephone privileges for six months.  The last sanction was suspended pending 180 days of clear conduct. The DHO report included a statement justifying the severity of the sanctions imposed.  The petitioner was advised of her rights to appeal.  On October 13, 2010, the same day she received the DHO report, the petitioner was transferred to FCI Danbury.

The petitioner arrived at FCI Danbury on October 25, 2010.  She submitted her disciplinary appeal to the Northeast Regional Director on November 18, 2010. The appeal was rejected on December 8, 2010, because all pages of the form were not completely legible.  The petitioner was told to resubmit a legible form within ten days.  The petitioner resubmitted her disciplinary appeal on December 22, 2010.  The appeal was rejected as untimely and the petitioner was told that she would need to provide staff verification to explain why the submission was untimely.  Resp't's Mem. Doc. #15-2 at 23.  Although the petitioner attempted to refile her disciplinary appeal two more times, she never provided documentation explaining why the second appeal was untimely.

## II. Discussion

The petitioner challenges a prison disciplinary finding which resulted in the

loss of good time credit.  Thus, she properly brings her petition pursuant to section 2241 as a challenge to the execution of her sentence.  *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

The respondent argues that the petition should be denied for two reasons.  First, the petitioner failed to exhaust her administrative remedies before filing this action.  Second, even if the petitioner had properly exhausted her administrative remedies, she was afforded due process throughout the disciplinary process.

A.     Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner must exhaust her administrative remedies.  The exhaustion requirement will be excused only where the inmate can demonstrate cause that prevented her from exhausting her administrative remedies and prejudice resulting therefrom.  *See id.* at 633.  The prisoner must show that "legitimate circumstances beyond the prisoner's control" prevented her from fully pursuing her administrative remedies.  *Id.* at 34.

Exhaustion requires the petitioner to comply with all of the institution's procedural rules, including time limits and filing deadlines.  *See Jones v. Bock*, 549 U.S. 199, 217-18 (2007).  Federal inmates are required to complete the four-step program described in the Bureau of Prisons' Administrative Remedy Program, 28 C.F.R. § 542, Subpart B.  Because the petitioner was appealing a DHO action, however, she was required to complete only the last two steps of the program.  28 C.F.R. § 542.14(d)(2).   Thus, she was required to submit an appeal to

4

the appropriate Regional Director within twenty calendar days of the DHO decision, and could appeal a negative decision from the Regional Director to the General Counsel's Office within thirty calendar days from the date of the Regional Director's decision.  28 C.F.R. §§ 542.14(d)(2) & 542.15(a).

Although the petitioner filed her first appeal to the Regional Director beyond the twenty-day time period, it was not denied as untimely.  Rather, the first appeal was denied because all copies of the form were not legible.  The petitioner was directed to resubmit a legible form within ten calendar days.  The petitioner's second appeal was submitted beyond the ten-day period.  Thus, she was directed to submit documentation from staff explaining the delay in submitting the second appeal.  *See* Doc. #15-2 at 23. The petitioner did not comply with this requirement.  The documents attached to the petition reveal that the petitioner submitted explanations that the first appeal was untimely because she was in transit and separated from her documents.  She never submitted any explanation why the second appeal was untimely as she was repeatedly asked to do.

The petitioner failed to comply with the time limits for filing her appeal and did not submit the required explanation.  Thus, she has not properly exhausted her administrative remedies.  *See Jones*, 549 U.S. at 217-18.  The petitioner has not identified any legitimate circumstances beyond her control that prevented her from exhausting her administrative remedies.  Even if there were a problem with mail service that delayed her second appeal, the delay could have been excused

5

if the petitioner had followed instructions and submitted a staff verification for the delay.  She did not do so.  Thus, the exhaustion requirement will not be excused.  The petition is denied for failure to exhaust administrative remedies.

B.    Due Process

The respondent further argues that, even if the petitioner had exhausted her administrative remedies, the petition should be denied because the petitioner was afforded all required due process protections during the disciplinary process and the sanctions imposed were appropriate and supported by the record.

Inmates are not entitled to the same rights at prison disciplinary hearings that they receive in a criminal prosecution.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  They are entitled only to advance written notice of the charges, the opportunity, within reason, to call witnesses and present documentary evidence, an impartial decisionmaker and a written decision from the factfinder detailing the evidence relied upon and the rationale for any disciplinary action taken.  *See id.* at 563-71.

These procedural requirements were met.  The petitioner directs the court to no evidence challenging the impartiality of the Disciplinary Hearing Officer.  Both the respondent and the petitioner have submitted documents showing that the petitioner received advance notice of the charges, was afforded the advocate of her choice, offered no witnesses, submitted no documentary evidence in support of her position and admitted that she possessed the contraband.  The Disciplinary Hearing Officer's written decision details the evidence presented,

6

both for and against the petitioner, and explains the reasons for the guilty finding. *See* Pet., Doc. #1, at 23-26 & 42; Resp., Doc. #15, Ex. C.

In addition, the standard of proof is much less at a prison disciplinary hearing that at a criminal trial.  A prison disciplinary charge need only be supported by "some evidence" in the record.  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  When reviewing prison disciplinary proceedings, the court does not examine the entire record, assess the credibility of the witnesses or re-weigh the evidence.  Instead, the court determines only whether the decision of the Disciplinary Hearing Officer is supported by some evidence.  *Id.* at 455; *see also Sia v. Morton*, 380 F.3d 57, 76 (2d Cir. 2004) ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board") (citation omitted); *Franco v. Kelly*, 854 F.2d 584, 588 (2d Cir. 1988) ("Essentially, a court should not overturn a prison disciplinary board's finding of guilt if there is *any* evidence to support the board's conclusion.").  Here, the petitioner admitted that she obtained the pills from another inmate.  Based on the documents provided by both parties, the court concludes that the petitioner received the required due process.

In addition, while stringent, the sanctions imposed were within the sanctions authorized by the applicable regulations.   Inmate disciplinary procedures are codified in the federal regulations.  *See* 28 C.F.R. § 541, et seq.  The regulations include a list of prohibited acts which are categorized by severity.  The petitioner was charged with possession of drugs not prescribed for the

7

inmate by medical staff, Code 113.  This offense is included in the category Greatest Severity.  Allowable sanctions include, but are not limited to, disallowance of 50-75% of good time credit, which amounts to between 27 and 41 days; loss of privileges; and housing changes.  *See* 28 C.F.R. § 541.3.  The petitioner's sanctions, loss of 41 days of good time credit, loss of privileges and a transfer, were within the allowable limits.  Thus, the sanctions were not excessive. *See, e.g., Atkinson v. Willingham*, No. 3:05-cv-673 (RNC), 2007 WL 685168, at *5 & n.6 (D. Conn. Mar. 3, 2007) (noting that sanctions imposed within the limits prescribed by regulation); *see also Roque-Espinoza v. Outlaw*, No. 04-2660-M1/P, 2006 WL 840425, at *4 (W.D. Tenn. Mar. 30, 2008) (claim that sanction was disproportionate to alleged offense not a proper claim in habeas action).

C.    Improper Notice

Finally, the petitioner argues that she was not provided sufficient notice that her conduct violated prison rules.  She argues that the wording of Offense 113 had been changed from the time she was admitted to federal prison in 2006.  The prior wording barred possession of any drug not prescribed for <u>any</u> individual, leading her to believe that only illegal street drugs were prohibited.  In the current version of the offense, the word "any" was changed to "the" making the possession of any drug not prescribed for the particular inmate a prohibited item.

The court is not persuaded that the petitioner had a due process right to notice of the change in wording.  The notice requirement of *Wolff* concerns advance notification of charges to facilitate preparation of a defense for the

**8**

disciplinary hearing.  The Court in *Wolff* did not hold that prison regulations must give notice of what conduct is prohibited in prison to the same extent that persons are required to be afforded notice of conduct punishable by trial and imprisonment.  The Supreme Court has stated that prison regulations are not designed to confer rights on or to benefit inmates.  Instead, they are primarily designed to guide correctional officials in the administration of a prison.  *See Sandin v. Conner*, 515 U.S. 472, 481–82 (1995).

Further, to the extent that the petitioner is arguing that she should have been charged under a different offense code, her argument fails.  The federal court lacks authority to second-guess the Bureau of Prisons' selection of charges.  The court only can determine whether the Bureau's construction of the provision actually charged was reasonable and whether there was some evidence presented to support the sanctions imposed.  *See Hairston v. Heffron*, Civil Action No. 09-5971(RMB), 2010 WL 5392664, at *3  (D.N.J. Dec. 21, 2010).

### III. Conclusion

The petition for writ of habeas corpus [Doc. #1] is DENIED on the grounds that the petitioner failed to properly exhaust her administrative remedies and, even if she had, she was not denied due process.  The Clerk is directed to enter judgment and close this case.

The court concludes, first, that reasonable jurists would not find it debatable that the petitioner failed to exhaust her state court remedies and,

**9**

second, that the petitioner has not shown that she was denied a constitutionally or federally protected right.  Thus, a certificate of appealability will not issue.  *See Slack*, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

SO ORDERED this 11th day of July 2012, at Hartford, Connecticut.

_____ */s/* _____
Vanessa L. Bryant
United States District Judge